WATTS v. TOWN OF DICKSON.—260 S. W. (2d) 206.

Middle Section. February 27, 1953.

Petition for Certiorari denied by Supreme Court, June 5, 1953.

F. S. Hall, of Dickson, for plaintiff.

Clark Leech, of Dickson, for defendant.

HOWELL, J.  This is a damage suit for personal injuries alleged to have been sustained by the plaintiff when on August 6, 1950 she stepped into a water meter box in a sidewalk near her home in the Town of Dickson, where an employee of the Town negligently left the top off of the meter box and left it uncovered.  The declaration further alleged that on September 28, 1950, she gave notice by registered mail to the Mayor of the said Town of Dickson in compliance with Section 8596 of the Code of Tennessee.

The defendant filed a demurrer to the declaration upon the ground that it and its employee who is alleged to have left the top off of the meter box were engaged in a governmental function in furnishing water to the inhabitants of the Town and therefore it was not liable for such damages.  The defendant, not waiving its demurrer, filed a plea of not guilty and gave notice that it would rely upon the

four special defences, that no employe of the Town left the lid off of the meter box, that if an employe did leave the lid off such act was not authorized by the Town, that the employee involved was engaged in a governmental function in furnishing water to its inhabitants and that plaintiff had not complied with law in laying a sidewalk in front of her premises where the meter box was located.

The demurrer was overruled by the Court and upon the trial before a jury there was a verdict for the plaintiff on April 10, 1952 for $900.00 and costs.

The defendant has appealed in error to this Court and has assigned errors.

It is first insisted for the defendant that the trial Judge erred in overruling its demurrer which was in substance that the defendant was not liable as it was engaged in a governmental function in supplying water to its inhabitants.

In the recent case of Williams v. Town of Morristown, 32 Tenn. App. 274, 222 S. W. (2d) 607, 610 this Court said:

"To define specifically the terms 'governmental capacity' and 'proprietary capacity' is impossible. Wherefore, each case must be decided upon its own facts. The purpose and character of the undertaking, and the method of its operation, determine whether it is public or private.

"It is the settled common law of this state that the operation of an electrical power system or a water works system is a corporate or private function of a municipality, and not a public or governmental function. Memphis Power & Light Company v. City of Memphis, 172 Tenn. 346, 112 S. W. (2d) 817; Saulman v. Mayor and City Council of Nashville, 131

Tenn. 427, 175 S. W. 532, 533, L. R. A. 1915E, 316, Ann. Cas. 1916C, 1254.

"In the Saulman case, the court quoted with approval from McQuillan on Municipal Corporations, Volume 4, section 2622, where it is said:

" 'Yet in every state except South Carolina it is the settled rule that a municipality is liable at common law for its torts in the performance or nonperformance of municipal or corporate duties, as distinguished from governmental duties.'

"Section 2680:

" 'It is settled beyond dispute that a municipality which operates its own water, electric light, or gas plant acts in a private and not a governmental capacity, and is liable for its negligence in connection therewith.' "

See also Memphis Power & Light Co. v. City of Memphis, 172 Tenn. 346, 112 S. W. (2d) 817.

In this case the Town of Dickson was authorized by the Charter to maintain and conduct a water works system and to sell and collect for water supplied its inhabitants and we think that in so doing it was not engaged in a governmental function.

It is insisted that the Court erred in not granting defendant's motion for a directed verdict in its favor. This was not error for the reason that there was ample evidence of negligence on the part of the defendant and its employe, there was much conflict in the evidence and it was for the jury to determine the facts and to pass upon the weight to be given the testimony of the witnesses and the preponderance of the evidence. It was also for the jury to pass upon the question of the contributory negligence of the plaintiff and if she was guilty of any negli-

gence to take that fact into consideration in arriving at its verdict.

■ It is also insisted for the defendant that the plaintiff did not prove that she had complied with the law as to giving notice to the defendant within ninety days after her injuries. The declaration alleged that "plaintiff shows to the Court that on September 28, 1950, she gave notice by registered mail, to the Mayor of said Town of Dickson" in compliance with Section 8596 of the Code. The record discloses that the counsel for the defendant admitted that the notice given was sufficient as to form and contents and we do not think that defendant was in a position to raise this question on a motion for a new trial after having filed a plea of not guilty and given notice of four other defenses without mentioning the question of notice. We therefore are of the opinion that the record shows notice was given. Certainly if no notice had been given able counsel for the defendant would have filed a special plea to this effect.

■ It is insisted for the defendant that the plaintiff was guilty of negligence in not having had constructed a concrete sidewalk in front of her premises as required by an ordinance of the Town of Dickson. Ordinance No. 236 of the Town of Dickson in Section 3 provides in part as follows:

"Be it further enacted that when in the discretion of the Mayor and Aldermen of the Town of Dickson, the public welfare requires the construction or repair of any sidewalk along the frontage of any lot, tract, or parcel of land, on any street, or avenue, in the Town of Dickson, that the owner of such tract, lot, or parcel of land shall be notified for the required improvement; that the notice shall be served in duplicate by the City Marshall, one copy of such notice to

be left with the owner of property to be effected, and the other returned into the office of the City Recorder with the Marshall's return thereon, and that said notice shall designate the property sought to be improved with a reasonable certainty.''

The record discloses that no notice was ever served upon the plaintiff.

We find no reversible errors in the rulings of the trial Judge on exceptions to testimony or on the motion for a new trial.

The assignments of error are overruled and the judgment of the Circuit Court is affirmed.

A judgment will be entered here in favor of the plaintiff and against the defendant for $900.00 and interest from April 10, 1952, and the costs of the case.

Affirmed.

Felts and Hickerson, JJ., concur.