BYBEES BRANCH WATER ASSOCIATION et al.

*v.*

TOWN OF McMINNVILLE, TENNESSEE.

FORREST NURSERY CO., INC., et al.

*v.*

TOWN OF McMINNVILLE, TENNESSEE.

TOM WALKER et al.

*v.*

TOWN OF McMINNVILLE, TENNESSEE.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Rehearing denied April 6, 1960.

WALTER H. GRISWOLD and W. G. McDONOUGH, McMinnville, for appellants.

C. E. Haston, McMinnville, McAllen Foutch, Smith-ville, for appellees.

Mr. Chief Justice Prewitt delivered the opinion of Court.

These causes were consolidated in the court below and heard together on a stipulation of facts.

The complainants in all of the causes sought specific performance of their contracts, which were in substance that the City of McMinnville contracted, under certain conditions, to furnish water to the respective complainants at the same rate that the municipality was furnishing users of water within the corporate limits of the city. While these written contracts were in existence a new Board of Aldermen undertook to raise the rates so as to charge and collect from the complainants a rate

for water 50% more than the contracted rate and the bills charge that the city threatened to cut off the water to the complainants unless they paid this increased rate.

There is no question about the validity of the contracts but it is contended that the city, in passing the ordinance increasing the rates, was acting in its governmental rather than its proprietary capacity.

The Chancellor declared the said ordinance void and ordered specific performance of the contracts.

The record shows that the Town of McMinnville was at the time of executing the contracts, and for many years prior thereto, engaged in the business of supplying water, as a public utility, and operating a waterworks system, and providing water and water services to customers both within and without the corporate limits for a fixed rate or charge. This being true we think the authorities hold that such operation is a private or proprietary function rather than a governmental function.

"A municipal corporation engaged in the business of supplying public utilities and facilities is regarded as a public corporation transacting private business for hire, and, in that respect and to that extent, as a private or quasi-private corporation." 62 C.J.S. Municipal Corporations sec. 3, p. 73.

"The City in its operation of utilities herein does so in its proprietary or individual capacity rather than in its legislative or governmental capacity. It is thus governed, for the most part, by the same rules that control a private, individual or business corporation."

*City of Knoxville v. Heth*, 186 Tenn. 321, 210 S.W.2d 326, 329.

"In maintaining and conducting a water works system and selling and collecting for water supplied inhabitants, town was engaged in a 'proprietary function' as distinguished from 'governmental function' * * *." *Watts v. Town of Dickson*, 36 Tenn. App. 678, 260 S.W.2d 206.

"The governing body of a municipal corporation, or a municipal board or officer having authority to contract, may bind successors in office by a contract made in the exercise of proprietary or business powers, but may not by contract prevent or impair the exercise by successors of legislative functions or governmental discretionary powers." 63 C.J.S. Municipal Corporations sec. 987, p. 549.

This being our view of the matter it results that we find no error in the decree of the Chancellor and it is affirmed.